UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EARL SAMUEL WALTERS,<br><br>Defendant. | Case No. 4:20-cr-00184-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Pending before the Court is defendant Earl Samuel Walters's unopposed Motion for Early Termination of Supervised Release. (Dkt. 5). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Mr. Walters pleaded guilty to conspiracy to possess with intent to distribute methamphetamine and marijuana in September 2016. In December 2016, the Honorable Susan P. Watters of the District of Montana sentenced Mr. Walters to 60 months incarceration followed by 3 years of supervised release.

Mr. Walters began his current term of supervised release on March 9, 2020, in Montana. On August 13, 2020, jurisdiction was transferred to Idaho and supervision continued. Mr. Walter's supervision is scheduled to expire in March of 2023.

**MEMORANDUM DECISION & ORDER - 1**

Mr. Walters has been in complete compliance with no violations for over 18 months. Mr. Walters has secured and maintained fulltime employment in the construction business, including obtaining his general contractor's license. Mr. Walters has taken steps to become licensed as a realtor and has passed the Idaho Real Estate Commission examination. But the commission will not approve his application for licensure while he is on supervision and he must re-submit his application before March 1, 2022 or begin the licensing process anew. Mr. Walters seeks early termination of his supervised release so that he may complete his Idaho Real Estate Commission licensing.

Under these circumstances, neither the government nor the United States Probation Office objects to early termination of supervision.

## DISCUSSION

Early termination of probation is governed by 18 U.S.C. § 3564(c) and § 3583(e), which require the court to consider factors set forth in § 3553(a), to the extent they are applicable. Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). After considering those § 3553(a) factors, the court may terminate a defendant's term of supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

**MEMORANDUM DECISION & ORDER - 2**

After having considered these factors, the Court concludes that the interests of justice warrant early termination of supervision. As already noted, defendant has performed very well on supervision; he does not need supervision in terms of training or medical care; he has a fulltime job and is working towards professional licensure. The Court will therefore grant this unopposed motion.

## ORDER

Defendant Earl Samuel Walters's unopposed Motion for Early Termination of Supervised Release (Dkt. 5) is **GRANTED**.

DATED: October 27, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION & ORDER - 3